UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVE MCDADE and
JENNIFER MCDADE,
    Plaintiffs,
-vs.-                                 **DEMAND FOR JURY TRIAL**


FULTON FRIEDMAN AND GULLACE, LLP,
    Defendant.
_____

## COMPLAINT & JURY DEMAND

Plaintiff, through counsel, Nitzkin and Associates, by Gary Nitzkin states the following claims for relief:

## JURISDICTION

1. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

2. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims.

## PARTIES

3. The Defendant to this lawsuit is Fulton Friedman and Gullace, LLP which is a Michigan limited liability company that maintains registered offices in Macomb County.

1

## VENUE

4. The transactions and occurrences which give rise to this action occurred in Oakloand County.

5. Venue is proper in the Eastern District of Michigan.

## GENERAL ALLEGATIONS

6. Defendant is attempting to collect a consumer type debt allegedly owed by Plaintiff to Asset Acceptance in the amount of $147.47.

7. In a previous lawsuit, Asset Acceptance sued Mr. McDade. He retained Attorney Brian Parker to represent him in that matter. On or about October 7, 2010, a Consent Judgment was entered in the amount of $2,838.63.

8. About ten months ago, Mr. McDade called Asset Acceptance to inquire about his balance on the Consent Judgment. During this conversation, Asset Acceptance told Plaintiff that they could not talk with him since he had an attorney. He told Asset Acceptance that he did not have an attorney anymore and that he just had an attorney regarding the lawsuit that was filed against him. Asset Acceptance then gave Plaintiff the balance on the account.

9. After the above conversation, Plaintiff was informed that the debt was in Fulton Friedman & Gullace's ("FFG") hands.

10. Sometime in April 2013, Plaintiff called FFG to inquire about his balance again. During this conversation, Plaintiff agreed for FFG to electronically take his check on May 28,

2013 in the amount of $138.12.   Defendant also told Plaintiff that in about ten days after May 28, 2013, it would send him a letter regarding the debt being settled in full.

11. Plaintiff never received any letter from Defendant regarding its intent to deposit this $138.12, as required by the FDPCA.

12. On or about May 6, 2013, Mr. Parker, received a letter from Defendant stating that Defendant was going to take a one-time payment via check by phone for $138.12 on May 28, 2013. This letter also stated, "Please note that, as explained on the phone, our office will continue to pursue judgment for our client. However, we will hold enforcement efforts of any judgment entered pursuant to your payment arrangements in our office."

13. To date, Plaintiff has not received anything in writing from Defendant regarding its intent to deposit this check for $138.12.

## COUNT I - FAIR DEBT COLLECTION PRACTICES ACT

14. Plaintiff reincorporates the preceding allegations by reference.

15. At all relevant times Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

16. Plaintiff is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

17. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

18. Defendant's foregoing acts in attempting to collect this alleged debt violated 15 U.S.C. §1692 et. seq;

3

19. The Plaintiff has suffered economic, emotional, general and statutory damages as a result of these violations of the FDCPA.

## COUNT II - VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE

20. Plaintiff incorporates the preceding allegations by reference.

21. Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

22. Plaintiff is a debtor as that term is defined in M.C.L. § 339.901(f).

23. Defendant's foregoing acts in attempting to collect this alleged debt violated MCL §339.915

24. Plaintiff has suffered damages as a result of these violations of the Michigan Occupational Code.

25. These violations of the Michigan Occupational Code were willful.

## COUNT III - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

26. Plaintiff incorporates the preceding allegations by reference.

27. Defendant is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at MCL § 445.251.

28. Plaintiff is a "Consumer" as that term is defined at MCL § 445.251.

29. Defendant's foregoing acts in attempting to collect this alleged debt violated MCL §445.252

30. Plaintiff has suffered damages as a result of these violations of the MCPA.

31. These violations of the MCPA were willful.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

## DEMAND FOR JUDGMENT FOR RELIEF

Accordingly, Plaintiff requests that the Court grant him the following relief against the defendant:

a. Actual damages.

b. Statutory damages.

c. Treble damages.

d. Statutory costs and attorney fees.

Respectfully submitted.

June 17, 2013        /s/ Gary Nitzkin
                     GARY D. NITZKIN (P 41155)
                     TRAVIS SHACKELFORD P68710
                     MICHIGAN CONSUMER CREDIT LAWYERS
                     Attorneys for Plaintiff
                     22142 West Nine Mile Road
                     Southfield, MI 48034
                     (248) 353-2882
                     Fax (248) 213-6397
                     Email – gary@micreditlawyer.com